**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**PHILLIP WHITTICO,**

                     **Plaintiff,**

          **v.**                                    **5:09-CV-907
(FJS/DRH)**

**CAROLYN COLVIN, Acting Commissioner of
Social Security,**

                     **Defendant.**

---

**APPEARANCES**                                 **OF COUNSEL**

**OLINSKY LAW GROUP**               **HOWARD D. OLINSKY, ESQ.**
300 South State Street, Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **ANDREEA L. LECHLEITNER, ESQ.**
**OFFICE OF REGIONAL COUNSEL
REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court is Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). *See* Dkt. No. 18.

### II. BACKGROUND

    Plaintiff's counsel represented him in a civil action before this Court, seeking judicial

review of Defendant's denial of Plaintiff's application for disability benefits under the Social Security Act. *See* Dkt. No. 18-1 at ¶ 1. In a Memorandum-Decision and Order dated November 25, 2009, the Court remanded this matter to Defendant for further administrative action pursuant to sentence six of § 405(g). *See id.* Plaintiff's counsel continued to represent him post-remand. *See id.* at ¶ 2. On April 28, 2011, an Administrative Law Judge ("ALJ") rendered a fully favorable decision, finding Plaintiff eligible for Social Security Disability Insurance Benefit payments with a disability onset date of September 1, 2001. *See id.* Based on this decision, the Court entered judgment in favor of Plaintiff on August 11, 2011. *See* Dkt. No. 14.[1]

On June 3, 2004, Plaintiff and his counsel entered into a contingency fee agreement, *see* Dkt. No. 18-1 at ¶ 3, and subsequently they entered into an updated contingency fee agreement on October 5, 2006, *see* Dkt. No. 18-2.[2] Pursuant to the updated contingency fee agreement, if Plaintiff's counsel had to file an appeal with the Appeals Council or with the Federal Court, Plaintiff's counsel would file a fee petition to increase the amount of the attorney's fees up to 25% of any retroactive benefits that Plaintiff received. *See* Dkt. No. 18-1 at ¶ 3; Dkt. No. 18-2.

The past-due benefits awarded to Plaintiff and his family totaled more than $115,000.00. *See* Dkt. No. 18-1 at ¶ 4. On October 6, 2010, the Social Security Administration authorized attorney's fees in the amount of $4,867.77. *See id.* On August 17, 2011, ALJ Greener approved attorney's fees in the amount of $3,569.50. *See id.* Pursuant to these approvals, Plaintiff's

---

[1] In his affidavit in support of this motion, Plaintiff's counsel mistakenly states that the Court entered judgment on October 5, 2006. *See* Dkt. No. 18-1 at ¶ 2.

[2] In his affidavit in support of this motion, Plaintiff's counsel mistakenly states that he and his client entered into an updated contingency fee agreement on October 5, 2011. *See* Dkt. No. 18-1 at ¶ 3.

counsel has collected $8,437.27 in attorney's fees. *See id.*; Dkt. No. 18-3. According to Plaintiff's counsel, the Social Security Administration is currently withholding the remaining balance of twenty-five percent of past-due benefits, i.e., $29,750.10. *See* Dkt. No. 18-1 at ¶ 4l; Dkt. No. 18-4.

In a Consent Order dated October 6, 2011, this Court awarded Plaintiff $3,200.00 in attorney's fees for work his counsel performed in conjunction with this matter under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 18-1 at ¶5; Dkt. No. 17. Plaintiff's counsel now moves for an order granting his request for attorney's fees in the amount of $29,750.10 under 42 U.S.C. § 406(b). *See* Dkt. No. 18-1 at ¶ 7. If the Court grants Plaintiff's counsel's motion, counsel will return the $3,200.00 EAJA award to Plaintiff as required. *See id.*

On June 5, 2012, after Plaintiff's counsel had filed the present motion, Defendant issued an "Important Information Notice" to correct its previous letter dated May 22, 2012, in which it had notified Plaintiff that Defendant usually withheld twenty-five percent of the past-due benefits to pay an approved representative's fee. *See* Dkt. No. 19 at 2. Defendant advised Plaintiff that Defendant had withheld $19,160.85 from his past-due benefits and that Defendant had withheld an additional $10,589.25 of the total past-due benefits to other members of his family. *See id.* The total amount that Defendant withheld was $29,750.10. *See id.* In the June 5, 2012 Notice, Defendant also notified Plaintiff that the total amount Defendant should have withheld was $33,319.50 and that Plaintiff's counsel had been paid $8,437.27 for work performed before the agency. *See id.* In light of this new information, Plaintiff's counsel now seeks attorney's fees in the amount of $24,882.23, rather than $29,750.10, pursuant to § 406(b).

## III. DISCUSSION

Under 42 U.S.C. § 406, a prevailing claimant's fees are payable out of the benefits that the claimant recovers, and such fees may not exceed 25 percent of past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). "[Section] 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794 (citing 20 CFR § 404.1728(a) (2001)). For representation of a claimant at the administrative level, an attorney may file a fee petition. *See id.* (citing 42 U.S.C. § 406(a)). In response to such a petition, "the agency may allow fees 'for services performed in connection with any claim before' it; [however,] if a determination favorable to the benefits claimant has been made, . . . the Commissioner of Social Security '*shall* . . . fix . . . a reasonable fee' for an attorney's services." *Id.* (quoting § 406(a)(1) (1994 ed.)). In setting the fees using this method, "the agency takes into account, in addition to any benefits award, several other factors[,]" *id.*, including (1) the extent and type of the services that the attorney performed, (2) the case's complexity, (3) the level of skill and competence required of the attorney, (4) the amount of time the attorney expended on the case, (5) the results the attorney achieved for his client, (6) the level of review to which the attorney took the claim, and (7) the amount of the fee that the attorney requests for her services, *see id.* n.3 (quoting 20 CFR § 404.1725(b)).

As an alternative to fee petitions, the Social Security Act accommodates contingent-fee agreements filed with the Social Security Administration prior to a ruling on the benefits claim. *See id.* at 795. If the ruling on the benefits claim is favorable to the claimant, the Social Security Administration generally approves the fee agreement, subject to certain statutory limitations. *See id.* (citing §§ 406(a)(2)(A)(ii), (iii) (1999 ed.)) (other citations omitted).

With respect to proceedings before a court, the statute provides "for fees on rendition of 'a judgment favorable to a claimant.'" *Id.* (quoting 42 U.S.C. § 406(b)(1)(A)). As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* In addition, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Pursuant to the EAJA, a court may award a successful Social Security benefits claimant "fees payable by the United States if [its] position in the litigation was not 'substantially justified.'" *Id.* (quoting § 2412(d)(1)(A)). "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Id.* (citation and footnote omitted).

A court may award fees under both the EAJA and § 406(b), but the claimant's counsel must "'refun[d] to the claimant the amount of the smaller fee.'" *Id.* (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). "'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'" *Id.* (quotation omitted).

In *Gisbrecht*, the Supreme Court held that "§ 406(b) does not displace continent fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases." *Id.* (footnote omitted). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)(1)(A) (1994 ed., Supp. V)) (footnote omitted). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* (citation and footnote omitted).

The *Gisbrecht* Court also noted that "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." *Id.* at 808 (citations omitted). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.* (citing [*Rodriquez*, 865 F.2d] at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same)). "In this regard, the court may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* (citing *Rodriquez*, 865 F.2d, at 741).

Likewise, in *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990), the Second Circuit held that "§ 406(b) does not invalidate all contingent fee arrangements it merely sets their upper limit and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id.* at 370. Furthermore, the court stated that, "because a successful social security claimant evaluates and

pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Id.* at 371. Nonetheless, the court noted that, "because § 406(b) requires the district court to review the reasonableness of any requested fee, contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases." *Id.* (citing *Wells I*, 855 F.2d at 45-46; *McGuire*, 873 F.2d at 979). However, the court recognized "that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.* (citing *Rodriguez*, 865 F.2d at 746; *Wells I*, 855 F.2d at 45). Furthermore, the court stated that it "ought normally to give the same deference to these agreements as [it] would to any contract embodying the intent of the parties." *Id.* (citing *McGuire*, 873 F.2d at 981; *Rodriguez*, 865 F.2d at 746). Thus, the court held that,

> where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.

*Id.* (citing *McGuire*, 873 F.2d at 981; *Rodriguez*, 865 F.2d at 746).

The court explained further that the policy considerations for such an approach were that "[i]gnoring reasonable contingent fee agreements or automatically reducing them would impair claimants' ability to secure representation." *Id.* (citing *McGuire*, 873 F.2d at 980). Furthermore, "many attorneys are unwilling to accept the risk of nonpayment without a guaranteed contingency

-7-

percentage of the recovery." *Id.* (citations omitted). Thus, the court concluded that, although "[t]he Social Security Administration may make fee recommendations, . . . it is prevented from routinely opposing requested fees based on contingency agreements." *Id.* at 372 (citing *Wells I*, 855 F.2d at 47). In addition, in determining the reasonableness of a contingent fee agreement, courts should consider "whether the contingency percentage is within the 25% cap; . . . whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted). "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.* (citation omitted).

Finally, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007) (citation omitted).

> In addition, while the court can only award § 406(b) fees for representation of the plaintiff before this court, the work performed by the attorney at the agency-level is relevant insofar as it assists the court in understanding "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court."

*Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)) (other citation omitted).

In this case, to determine whether the fee award that Plaintiff's counsel seeks under § 406(b) is reasonable, the Court will begin by looking at the contingency fee agreement between Plaintiff and his counsel. This agreement provides, in pertinent part, that, "[i]f the Attorney has

to file an appeal with the Appeals Council, or in Federal Court, I understand that my attorney will file a fee petition to increase the amount of the fee identified in the proceeding paragraph and said fee, if approved by SSA may not exceed 25% of the combined, offset, retroactive benefits awarded to my family and me." *See* Dkt. No. 18-2 at 1. There is no evidence that this agreement was the result of fraud or overreaching. Moreover, the agreement seeks no more than the maximum allowed under the relevant statute  25% of the retroactive benefits. Thus, the only issue that the Court need address is whether the amount of fees that Plaintiff's counsel seeks would result in a windfall to him.

Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness. Although Plaintiff's counsel did not submit timesheets in support of the pending motion, he did provide those timesheets in support of Plaintiff's motion for an award of attorney's fees under the EAJA. *See* Dkt. No. 15-1 at 10-11. In support of his EAJA motion, Plaintiff sought attorney's fees for 19.7 hours of work that his counsel expended both before this Court and before the agency after the sentence-six remand. With respect to a sentence-six remand, the Supreme Court has held that "the proceedings on remand are an integral part of the 'civil action' for judicial review and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA." *Sullivan v. Hudson*, 490 U.S. 875, 892 (1989).

As noted, Plaintiff's counsel seeks an award of $24,882.23 in fees, which is based on twenty-five percent of Plaintiff's past-due benefits that the Social Security Administration has

withheld pending the Court's decision on this motion — $33,319.50 — minus the fees that the agency has awarded to Plaintiff's counsel for his work at the administrative level — $8,437.27.

A review of the timesheets that Plaintiff's counsel provided to support Plaintiff's motion for fees under the EAJA indicates that, of the 19.7 hours for which Plaintiff sought fees, 7.2 hours were for work that Plaintiff's counsel performed at the agency level after this Court's sentence-six remand and the remaining 12.5 hours were spent on work he performed before this Court, 2.8 of which were expended for work on the EAJA motion. If the Court divides the total net fee sought — $21,682.23 ($24,882.23 minus $3,200.00 EAJA award that Plaintiff's counsel will have to return to Plaintiff if the Court grants this § 406(b) request) by the 19.7 hours that Plaintiff's counsel expended for work before this Court and before the agency after the sentence-six remand, the effective hourly rate would be $1,100.62.

To determine whether fees in this amount would result in a windfall to Plaintiff's counsel, the Court must consider the following factors:

> "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, . . . (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases."

*Fura v. Astrue*, No. 08-CV-0689, 2011 WL 1541307, *3 (N.D.N.Y. Apr. 21, 2011) (quoting *Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688 (N.D.N.Y. July 10, 2009)) (other citation omitted).

A review of the record demonstrates that Plaintiff's counsel's efforts were particularly successful for Plaintiff and that it appears that Plaintiff's counsel was able to handle this case efficiently, at least in part, because of his experience with social security cases, both at the

administrative and district court level. However, the work that Plaintiff's counsel expended before this Court was minimal and, primarily, routine in nature. He did not file a legal brief in this case regarding the merits of Plaintiff's claims because the Court, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405(g). Furthermore, many of the 12.5 hours that Plaintiff's counsel expended on work before this Court involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 2.8 of those hours involved Plaintiff's motion for fees under the EAJA. Therefore, based on the record in this case, the Court finds that an award of fees in the amount requested would be a windfall to Plaintiff's counsel.

Nonetheless, the Court concludes that, in light of the total amount of time that Plaintiff's counsel expended on this case at both the administrative and district court level, Plaintiff's counsel's expertise in handling social security cases, the complexity of the issues in this case, the success that Plaintiff's counsel achieved in this case, and the inherent uncertainty of non-payment that is always involved when entering into a contingency fee agreement, as well as the lack of any evidence of fraud or overreaching in this case, an award of fees in the amount of **$13,050.00** pursuant to § 406(b) would be reasonable for the type and amount of work that Plaintiff's counsel expended before this Court.

### IV. CONCLUSION

After reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42

U.S.C. § 406(b) is **GRANTED** in the amount of **$13,050.00**; and the Court further

**ORDERS** that the amount of **$13,050.00** in attorney's fees pursuant to 42 U.S.C. § 406(b) shall be paid to Plaintiff's counsel out of the sums that Defendant has withheld from Plaintiff's past-due benefits; and the Court further

**ORDERS** that, upon his receipt of attorney's fees in the amount of $13,050.00, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall immediately refund to Plaintiff the previously awarded EAJA sum of **$3,200.00**; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment in this case to reflect the award of $13,050.00 in attorney's fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

Dated: April 22, 2014
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge